IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VICKI JO POWELL, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 2:20-cv-0374-JRG-RSP |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | § § § § | |
| Defendant. | § § | |

## MEMORANDUM ORDER

Currently before the Court is the Petition to Obtain Approval of a Fee For Representing a Social Security Claimant (Dkt. No. 24) filed by Petitioner Vicki Jo Powell. The Commissioner has filed a response declining to assert a position on the reasonableness of the fee but providing a helpful review of the applicable law and the facts of this case.

Ms. Powell, the petitioner in this proceeding, is a 64 year-old woman who has been pursuing Social Security disability benefits administratively since 2017, when she was terminated from her job as a branch manager and escrow officer at a real estate title company. She alleges that she was terminated because she could no longer properly perform the duties of her job due to the disabling effects of her fibromyalgia, degenerative disc disease, and peripheral neuropathy, together with the effects of the medication required to treat those conditions. After Petitioner filed her brief in this matter on July 30, 2021, the Commissioner filed an unopposed motion to "enter judgment reversing with remand this action to the Commissioner for further administrative proceedings, pursuant to sentence four of 42 U.S.C. § 405(g)." Dkt. No. 17. The Court granted that motion the next day, September 16, 2021.

After the remand, the Commissioner determined in December 2021 that Petitioner was entitled to disability insurance benefits under Title II of the Act, including $85,775.50 in past-due benefits. The Commissioner agrees that a remand that ultimately results in an award of benefits is a "judgment favorable to a claimant" within the meaning of § 406(b), which makes available an award of attorney fees.

The motion currently before the Court is not under the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412, under which fees are determined not by a percent of the amount recovered, but by the time expended and the attorney's hourly rate.[1] Rather, this motion is under 42 U.S.C. §406(b)(1)(A) which provides that a Social Security benefits claimant who receives a favorable judgment may be allowed "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The Fifth Circuit, along with many others, had held that these fees, like EAJA fees were to be determined by resort to the lodestar method (though not limited to the statutory fee rate in EAJA). *Brown v. Sullivan,* 917 F.2d 189 (5th Cir. 1990). The Supreme Court in *Gisbrecht v. Barnhart,* 535 U.S. 789, 794, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002), overturned those holdings. Justice Ginsburg wrote that the lodestar method was designed for the "amount of fees properly shifted to the loser in the litigation." *Id*. at 1825. Congress considered engrafting the lodestar method into §406, but sought input from the Commissioner, who issued a report finding that, "although the contingency method was hardly flawless, the agency could 'identify no more effective means of ensuring claimant access to attorney representation.'" *Id*. at 1827. Nonetheless, Justice Ginsburg

---

[1] In October 2021, Petitioner sought an award of fees under EAJA based on 18.45 hours of attorney time and $402.00 in expenses, for a total of $4,522.37, which was awarded on January 5, 2022. Dkt. No. 23. As the smaller of the two awards, this EAJA award must be refunded to Plaintiff upon receipt of the amount awarded herein.

wrote for the Court that "§406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. at 1828.

In this case, the Commissioner has withheld $21,443.87 from Petitioner's past-due benefits, representing the 25% amount of the contingent fee agreement that Petitioner signed and filed at the beginning of her most recent administrative application. However, Kimberly K. Martin, who was Petitioner's legal counsel at the administrative level, has already been awarded $6,000 of that amount. Thus, current counsel is requesting an award of $15,443.87.

However, the Court considers a number of other factors as well as the amount requested, and the hours worked. First, there was no delay by counsel that caused the past due benefits to be so large. All of the delays were at the administrative level. Second, this was not a case where success was foreordained or easily achieved. Third, counsel for Petitioner is one of a small number of lawyers who are willing to take these cases in this jurisdiction. Most of the cases do not result in success. To further reduce the fee in one of the few that succeeds would make finding counsel for these cases far more difficult, and would frustrate the Congressional intent in allowing the fees. Fourth, the fee is already capped at 25%, and is applied only to past due benefits. Petitioner will likely receive benefits from this representation far exceeding the amount against which counsel's fee has been calculated. In the opinion of the undersigned, Petitioner would have been exceedingly unlikely to have obtained any benefits without counsel. Finally, the remand in this case did not come at an early stage in the representation. Counsel had already performed almost all of the services that were contemplated by the contingent fee agreement. Thus, the Court does not see this case as presenting a windfall for counsel.

Accordingly, the Motion for Award of Attorney Fees is granted and the Commissioner is ordered to release to counsel for Petitioner, from the 25% withheld, the amount of $15,443.87, and

to remit that sum to Petitioner. Counsel is directed to refund to Petitioner the amount previously paid to counsel under EAJA.

    **SIGNED this 7th day of June, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE